

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5295 | **DATE** | 5/13/2013 |
| **CASE TITLE** | The Bank of New York Mellon vs. Humberto Bernal, et al. | | |

### DOCKET ENTRY TEXT

Plaintiff's Rule 55 Motion for Default Judgment [9] is granted. In addition, Plaintiff's Motion to Appoint a Special Commissioner [10] is granted. Accordingly, the status hearing set for June 14, 2013 is stricken.

■[ For further details see text below.]                                           Docketing to mail notices.

### STATEMENT

Before the Court is Plaintiff The Bank of New York Mellon's ("Plaintiff") Motion for Default Judgment against Defendants Humberto Bernal and Virginia Bernal ("Defendants") pursuant to Federal Rule of Civil Procedure 55. For the following reasons, the motion is granted.

Plaintiff filed its complaint for foreclosure on July 4, 2012. Defendants were served on December 12, 2012, but have failed to answer or otherwise plead. As a result, Plaintiff moved for default judgment on March 1, 2013. Plaintiff has met the requirements for an entry of default under Rule 55(a). Accordingly, the Court enters default against Defendants. However, this does not end the matter. Defendants appeared, through counsel, on March 8, 2013, and were granted leave to respond to the instant motion.

The Court construes Defendants' response to Plaintiff's motion for default as a motion to set aside the entry of default pursuant to Rule 55(c). See Ruiz v. Weiler & Co., No. 92 C 5838, 1995 WL 25276, at *1 (N.D. Ill. Jan. 20, 1995). Under Rule 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. Pro. 55(c). "A party seeking to vacate an entry of default prior to the entry of final judgment must show: '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" Cracco v. Vitran Express, Inc., 559 F.3d 625, 630 (7th Cir. 2009) (quoting Sun v. Bd. of Trs. of the Univ. of Ill., 473 F.3d 799, 810 (7th Cir. 2007)). This test is applied more liberally in the context of Rule 55(c), as opposed to Rule 60(b), because of the "policy of favoring trial on the merits over default judgment." Id. at 631 (citations omitted).

Defendants cannot meet their burden. Defendants fail to raise an affirmative defense in their proposed answer, wherein they admit to almost all allegations. In their response brief, Defendants only purported defense to the lawsuit is that "Defendants are in the process of listing their home for short sale to avoid a potential judgment in this matter." Humberto Bernal & Virginia Bernal's Response to Pl.'s Mot. for Default Judgment ¶ 6. Defendants' statement is more akin to an admission, rather than a defense. Furthermore, Plaintiff correctly notes that should Defendants wish to pursue a short sale of the subject property, they may still do so during the statutory redemption period. See Colon v. Option One Mortg. Corp., 319 F.3d 912, 919-20 (7th Cir. 2003) ("The statutory right of redemption for residential real estate is seven months from i) the date of service or submission to the court's jurisdiction or ii) three months from the date of entry of a judgment of foreclosure." (citing 735 Ill. Comp. Stat. 5/15-1603(b)(1))). Even construed liberally, Defendants lack a meritorious defense in this matter. Because Defendants fail to raise a meritorious defense, the motion to vacate the entry of default is denied.

For the foregoing reasons, and based on the submissions and affidavits presented in the instant motion, the

## STATEMENT

Court enters an order of judgment of foreclosure in favor of Plaintiff for the amount set forth and made certain in its Judgment Affidavit. In addition, Plaintiff's Motion to Appoint a Special Commissioner is granted.

IT IS SO ORDERED.